# In the United States Court of Federal Claims

No. 20-79C
(Filed: January 29, 2020)

|  |  |
|---|---|
| **JACK NEWSON,** | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) ) |
| **UNITED STATES,** | ) ) |
| *Defendant.* | ) ) ) |

## ORDER

Acting *pro se*, Jack Newson filed this action on January 22, 2020. On January 27, 2020, the Court granted Mr. Newson's application to proceed *in forma pauperis*.

The plaintiff's Complaint alleges that on December 13, 2019, Magistrate Judge Susan E. Cox of the Northern District of Illinois "misled [him] with false information in the court of law [and, when he] told her she was misled [him] with false information it[']s on record she told [him] she apologize[d] but what she did was a 100% perjury." For this claim the plaintiff seeks $200,000 in damages.[1]

Reviewing the materials the plaintiff appended to his Complaint and the records of the Northern District of Illinois, it appears that in July 2019 Mr. Newson got into an argument with staff of the Clerk's Office of the United States District Court in Chicago. As a result of that dispute, he was escorted out of the federal courthouse and issued two "tickets." In addition, the Executive Committee of the District Court issued an Order under Docket No. 19cv4829 requiring Mr. Newson to sign in and be accompanied by a deputy U.S. marshal anytime he was present at one of the two courthouses at which the Northern District of Illinois holds court.

From PACER it further appears that on the date at issue in the Complaint Judge Cox held a trial on the two "tickets" previously issued to the plaintiff.

According to the docket entry, one of the "tickets" was dismissed. Mr. Newson was found guilty on the second "ticket," but no sanction was assessed.

---

[1] In an attachment to the Complaint the plaintiff asserts that Judge Cox "owes" Mr. Newson 100,000$ in damages[.]" In the actual Complaint, the plaintiff seeks $200,000.

7018 2290 0000 5183 8334

In the attachments to the Complaint, the plaintiff asserts that Judge Cox and the Marshals Service violated his First, Fourth, and Fifth Amendment rights by arresting him during the course of a conversation with an employee of the Clerk's Office. He also asserts that a deputy U.S. marshal caused "pain and suffering" to the plaintiff's left arm and to his reputation.

This Court's jurisdiction is established by the Tucker Act, 28 U.S.C. § 1491(a)(1), which provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

The Supreme Court has interpreted the Tucker Act to waive sovereign immunity to allow jurisdiction to entertain a claim against the Unites States if the Claim is (1) founded on an express or implied contract with the United States; (2) seeking a refund of a payment previously made to the United States; or (3) based on federal constitutional, statutory, or regulatory law mandating compensation for damages sustained, except from a tort. *See United States v. Navajo Nation*, 556 U.S. 287, 289-90 (2009). "Not every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act. The claim must be one for money damages against the United States." *United States v. Mitchell*, 463 U.S. 206, 216 (1983). To invoke this Court's jurisdiction, a plaintiff must rely on a statute or regulation that is money-mandating, which means the source of alleged liability "can fairly be interpreted as mandating compensation by the Federal Government." *United States v. Testan*, 424 U.S. 392, 400 (1976).

The plaintiff is proceeding *pro se*, and his pleadings are entitled to receive a more liberal construction than the Court would give to pleadings prepared by counsel. *See Haines v. Kerner*, 404 U.S. 519 (1972). Giving a *pro se* litigant's pleadings a liberal construction, however, does not divest a *pro se* plaintiff from the responsibility of having to satisfy the jurisdictional requirements limiting this Court's jurisdiction. *See Kelly v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987); *Hale v. United States*, 143 Fed. Cl. 180, 184 (2019).

The starting point for determining whether this Court has jurisdiction is the plaintiff's Complaint, *see Holley v. United states*, 124 F.3d 1462, 1465 (Fed. Cir. 1997), which the Court will construe liberally.

The plain language of the Tucker Act excludes the plaintiff's claims for damage to his arm and reputation from this Court's jurisdiction. 28 U.S.C. 1491(a); *see Burman v. United States*, 75 Fed. Cl. 727, 729 (2007) (dismissing defamation and battery claims because they "sound in tort").

This court lacks jurisdiction to hear the plaintiff's non-tort claims because the plaintiff identifies no source of law that requires the United States to pay money damages for the alleged conduct of Judge Cox, court staff, or the marshals. The First Amendment, the Fifth Amendment's Due Process Clause, and the Fourth Amendment do not require the United States to pay money damages when federal officials violate their provisions. *Smith v. United States*,

709 F.3d 1114, 1116 (Fed. Cir. 2013)(Fifth Amendment); *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (Fourth Amendment); *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (First Amendment).

The Supreme Court has held that a plaintiff may, under certain circumstances, collect money damages when a federal official violates a plaintiff's constitutional rights. *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971). *Bivens* claims cannot be brought in this court, however, because such claims name individual officials and not the "United States" as the defendant. *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997).

Moreover, a *Bivens* claim against Judge Cox and the court staff would likely be barred by absolute judicial immunity. Judges have absolute immunity from civil suit for their performance of judicial functions, "even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (citing *Bradley v. Fisher*, 80 U.S. 335 (1871)). In such a suit, this absolute immunity might extend to the actions of the court staff too, as long as that were an "integral part of the judicial process." *Sharma v. Stevas*, 790 F.2d 1486, 1486 (9th Cir. 1986). The remedy available for such violations is through the appellate process and not in a separate suit.

This Court lacks jurisdiction to hear the plaintiff's case. If the plaintiff is to seek a remedy for the harms he alleges, he must do so in the district court, not this court. The plaintiff's complaint is **DISMISSED** without prejudice. The Clerk is directed to enter judgment accordingly.

It is so **ORDERED.**

**Richard A. Hertling**
**Judge**